UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE DUTRA, a minor, by and through his Guardian COMMENCEMENT BAY GUARDIANSHIP SERVICES; and MISTY M. DUTRA, individually and as natural mother of JOSE DUTRA, a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. C04-5025RBL<br><br>ORDER DENYING DEFENDANT UNITED STATES' MOTION TO COMPEL RULE 35 EXAMINATION |

This matter is before the Court on defendant United States of America's (U.S.A.) Motion to Compel Rule 35 Examination (motion) of minor plaintiff Jose Dutra [Dkt. # 32]. The Court has reviewed the Record, Defendant's Rule 35 Motion, the Plaintiff's Memorandum in Opposition (memorandum) [Dkt. #33], and the various Declarations submitted.

**Background**

Plaintiff filed suit on January 20, 2005 to recover damages for alleged injuries resulting from alleged medical malpractice. Plaintiff Jose Dutra was delivered of plaintiff Misty M. Dutra on May 8, 2002 at Saint Joseph Hospital in Tacoma, Washington. The plaintiff alleges in part that Jose Dutra suffered a skull fracture and epidural hematoma at the time of the delivery due, at least in part, to the negligence of Susan Predmore, M.D. (Dr. Predmore). As a result of the injuries sustained at the time of delivery, plaintiff alleges that Jose Dutra has significant behavioral abnormalities. Plaintiff further alleges that Dr. Predmore

ORDER

1 was acting in her capacity as an employee of Community Health Center of Tacoma at the time of the
2 delivery, and that, as a matter of law pursuant to 42 U.S.C. §233, Community Health Center of Tacoma
3 and its physician employee, Dr. Predmore, are employees of the U.S.A.  For these reasons and others as
4 contained in the complaint, the plaintiff has named the U.S.A. as a defendant in this suit pursuant to the
5 Federal Tort Claims Act.

6       On April 28, 2005, defendant U.S.A. filed a motion to compel plaintiff Jose Dutra to submit to a
7 magnetic resonance imaging examination (MRI).  The motion was made after discussions with plaintiff's
8 counsel, James Holman, failed to result in a stipulated examination of Jose Dutra under Fed. R. Civ. P.
9 35(a) for purposes of obtaining a MRI examination.  In its motion to compel Jose Dutra to submit to an
10 MRI examination, the U.S.A. claims a controversy exists as to the existence, nature and cause of Jose
11 Dutra's alleged brain injury.  The U.S.A. also claims that existing radiological CT scans previously taken of
12 Jose Dutra are too old and lack sufficient detail to allow for an informed medical opinion as to the issues in
13 controversy.  The U.S.A. asserts that an MRI examination of Jose Dutra is necessary for their independent
14 medical consultant to "accurately assess" and render an informed medical opinion about Jose Dutra's
15 injuries and causation issues.  *Id*.  The plaintiff filed a timely memorandum in opposition.

**Analysis**

17       In its motion and supporting declarations, the U.S.A. states that an MRI examination of Jose Dutra
18 is necessary for their independent medical consultant to "accurately assess" and render an informed medical
19 opinion about Jose Dutra's injuries and related issues of causation.  In its memorandum and supporting
20 declarations, plaintiff argues that defendant U.S.A.'s motion should be denied because: 1) defendant
21 U.S.A. has not met the requirements of Rule 35(a), including a failure by the U.S.A. to show real
22 controversy or good cause for the requested MRI examination, and; 2) an MRI exam would subject Jose
23 Dutra to significant risk that outweigh any potential benefit to the defendant U.S.A.  The Court addresses
24 each of plaintiff's arguments in opposition to U.S.A.'s motion to compel a Rule 35 examination separately.

26 **1. The controversy and good cause requirements of Rule 35(a).**
27       As an initial matter, the Court recognizes that "broad and liberal" discovery is favored.
28 *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  However, discovery may also be limited by the court's

ORDER

discretion or the Federal Rules of Civil Procedure. *Id.* A motion to compel another party to submit to a physical or mental examination requires the movant to show that the examination goes to an issue in controversy and that good cause exists to conduct the requested examination. *Fed. R. Civ. P. 35(a)*. The good cause and controversy dictates of Rule 35(a) are more than prefunctionary. *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964). They require the movant make an "affirmative showing" that a real controversy and good cause exists for each particular examination sought. *Id.* In the instant case, the plaintiff argues that the defendant U.S.A. has failed to meet these requirements.

Regarding the real controversy requirement of Rule 35(a), the plaintiff argues in its memorandum that "...we know the brain developed normally during pregnancy. We know there are no genetic and/or structural abnormalities or malformation of the brain. We know that the brain was fractured and that a hematoma developed causing brain injury." The reality is that we do not know these assertions to be accurate. Indeed, these assertions are the very questions of fact on which this case will be tried. *See Schlagenhauf,* 379 U.S. at 119 (holding that an assertion of mental or physical injury in a negligence action places that injury in controversy for purposes of Rule 35(a)). Further, the defendant gives the inability of its medical consultant to reach any conclusion as to the nature, extent and cause of plaintiff Jose Dutra's injuries as a basis for seeking a Rule 35 examination. As such, the Court finds that defendant U.S.A. has satisfied the real controversy requirement of Rule 35(a).

The plaintiff also argues that the defendant's motion does not meet the good cause requirement of Rule 35(a). In so doing, the plaintiff asserts that the defendant has "no legitimate reason" for desiring more information. This assertion ignores the declaration of the defendant's medical consultant, A. Thomas Collins, M.D. (Dr. Collins). In his declaration supporting the defendant's motion, Dr. Collins states an MRI examination is needed to complete his medical evaluation of Jose Dutra as regards the extent, nature and cause of the injuries alleged by the plaintiff. Similarly, the plaintiff offers a declaration from Stephen T.

ORDER

Glass, M.D. (Dr. Glass) in support of its memorandum. However, although Dr. Glass states that he does not think it "likely" an MRI will provide additional useful information about the plaintiff's alleged injuries, neither does he foreclose the possibility. Dr. Glass also concedes that it is often necessary for him to obtain MRI examinations in his treatment of neurological maladies for purposes of determining the nature and extent of injuries. Accordingly, the Court finds that the defendant has met the good cause requirement of Rule 35(a).

**2. Balancing the risks and benefits of compelling plaintiff Jose Dutra to submit to an MRI examination.**

The plaintiff also argues that the Court should deny defendant U.S.A.'s motion because any benefit an MRI examination might provide the defendant in terms of additional information is outweighed by the significant risk to which an MRI examination would subject Jose Dutra. The plaintiff basis its assessment of the risk posed by an MRI examination on the assumption that Jose Dutra would need to undergo general anaesthesia for the purposes of completing the examination. The defendant's motion is silent on whether general anaesthesia would be required for purposes of completing the requested MRI. Neither has the defendant submitted a reply to the plaintiff's memorandum. As such, the Court takes the plaintiff's assumption about the use of general anaesthesia as true.

In his declaration supporting plaintiff's memorandum, Dr. Glass states his belief that the "only appropriate reason for performing general anesthesia on a pediatric patient for the purpose of completing an MRI is in the utilization of that information for medical reasons." However, such absolutes run contrary to case law. *See Thomas v. John T. Mather Memorial Hosp.,* 556 N.Y.S.2d 720 (1990) (ordering CAT scan where it "may enhance the defendants' ability to prepare a defense."); *Sarka v. Rush Presbyterian-St. Luke's Med. Ctr.,* 207 Ill. App. 3d 587 (1990) (compelling the minor plaintiff to submit to an MRI under sedation after the defendant demonstrated negligible risk). The question the Court is concerned with is whether the requested examination creates an unacceptable risk to the subject's well being. In making this

ORDER

determination, the plaintiff urges the Court to adopt the burden-shifting approach first articulated in *Lefkowitz v. Nassau Co. Med. Ctr.*, 462 N.Y.S.2d 903 (1983). Under the burden- shifting approach, the party opposing a Rule 35 examination may seek to forego the examination if it can show the examination is prima facie potentially dangerous. *Id*. at 906. If the opposing party meets this burden, the burden then shifts back to the movant, who must demonstrate that the requested examination is both needed and safe. *Id*. The Court agrees that this is the proper approach where a Rule 35 examination is challenged as unsafe, and now applies the burden-shifting approach to the instant case.

The plaintiff offers a declaration by Dr. Glass in support of its claim that subjecting Jose Dutra to an MRI examination under general anaesthesia creates a significant prima facie danger to his health. In his declaration, Dr. Glass notes the types of risk to which he expects Jose Dutra would be exposed if he is required to submit to this type of medical examination. These potential risks include drug interactions, human error, ventilation issues, and clinical complications, as well as a host of other related injuries and complications. Additionally, Dr. Glass references, but fails to cite, reports that "discuss" mortality rates "as high as" three to four deaths per ten thousand operations. Dr. Glass also states that morbidity rates would far exceed the mortality rates he references. Finally, Dr. Glass expresses his opinion that "the risk of serious morbidity and mortality of general anesthesia/MRI, far outweigh any purported or potential benefit from any additional scan of Jose's head." Based on the declaration of Dr. Glass, the Court finds that the plaintiff has meet its burden in establishing that the defendant's proposed Rule 35 examination is prima facie potentially dangerous to plaintiff Jose Dutra.

Under the burden-shifting approach of *Lefkowitz*, the burden now shifts to the defendant to show why the proposed Rule 35 examination of Jose Dutra is both needed and poses a minimal risk to his well being. However, the defendant has not offered a reply to the plaintiff's memorandum. Neither is the Court able to discern any information within the existing record that would tend to rebut the issues of safety

ORDER

1 | raised by the plaintiff.  Therefore, for the reasons set forth above, the Court declines to grant defendant's motion to compel an MRI examination of plaintiff Jose Dutra.  Accordingly, it is hereby

ORDERED that the Defendant United States of America's Motion to Compel Fed. R. Civ. P. 35 Examination of Minor Plaintiff Jose Dutra [Dkt. #32] is DENIED without prejudice.

DATED this 15th day of June, 2005.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER