HONORABLE RONALD LEIGHTON

04-CV-05025-ORD

FILED ___ LODGED
___ RECEIVED

OCT - 6 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOSE DUTRA, a minor, by and through his Guardian, COMMENCEMENT BAY GUARDIANSHIP SERVICES; and MISTY M. DUTRA, individually and as natural mother of JOSE DUTRA, a minor,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA; UNKNOWN JOHN DOES; and UNKNOWN JOHN DOE CLINICS,<br><br>Defendants. | No. C04-5025 RBL<br><br>PLAINTIFFS' JOINT FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter came on for a bench trial on September 19, 2005. This court has jurisdiction under 28 U.S.C. § 1346(b), 2401, 2671 and 2675. Dr. Susan Predmore was an employee of the United States Public Health Service pursuant to 42 U.S.C. § 233. Plaintiff Jose Dutra, by and through Commencement Bay Guardianship Services and Plaintiff Misty Dutra, each maintain a claim for medical negligence against the United States through the conduct of Dr. Susan Predmore. Plaintiff Jose Dutra, by and through

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 1
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

Commencement Bay Guardianship Services, asserts a cross-claim for negligence against Misty Dutra due to the United States counter-claim against Misty Dutra that she was in fact at fault for a portion of Jose Dutra's injuries and only for the purpose of preserving joint and several liability under RCW 4.22.070 against the United States. Misty Dutra subsequently waived her parental immunity.

Having considered the witness testimony, the evidentiary record and legal authorities submitted by the parties, and having heard closing argument on this issue in open court, the Court now enters the following Findings of Fact and Conclusions of Law pursuant to Fed. Rule Civ. P. 52.

## **FINDINGS OF FACT**

1. Community Health Care of Tacoma was a federally funded health clinic pursuant to 42 U.S.C. § 233.

2. Susan Predmore, M.D. was an employee of Community Health Care of Tacoma and as such, is deemed an employee of the United States at all times material for medical malpractice coverage.

3. Misty Dutra received prenatal care for her pregnancy with Jose Dutra at Community Health Care of Tacoma.

4. Susan Predmore, M.D. was the primary responsible physician to providing prenatal care to Misty Dutra.

5. On May 8, 2002 at 0746 hours, Misty Dutra was admitted to St. Joseph's Medical Center in labor.

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 2
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

1   6.   At 2028 hours on May 8, 2002, Dr. Predmore commenced operative
2   vaginal delivery.

3   A.   Vacuum assistance was commenced at 2028 and over a period of
4        eight minutes, three failed attempts of vacuum delivery were made.
5   B.   At 2045 hours on May 8, 2002, Dr. Predmore placed Kielland
6        forceps to attempt rotation of Jose Dutra. This failed.
7   C.   At 2102 hours on May 8, 2002, Dr. Predmore placed Tucker-
8        McLane forceps to attempt delivery. This failed.
9   D.   Dr. Predmore ordered emergent caesarean section with delivery at
10       2145 hours.

11  7.   Apgars at delivery were seven at one minute and nine at five minutes.
12  8.   The arterial pH for Jose Dutra was 7.10 and the venous pH was 7.13.
13  9.   Jose Dutra weighed eight pounds five ounces.
14  10.  At birth, Jose Dutra had right facial palsy, right-sided forceps bruising,
15  swelling around the orbit of the eyes, and edema.

16  11.  Initial skull x-rays done at St. Joseph's were read as normal on May 9,
17  2002. Due to concern regarding increased head circumference and clinical condition, a
18  CT was ordered of Jose Dutra's head. A CT was performed on May 10, 2002 at 0920
19  hours which revealed an epidural hematoma measuring 5.7 cm in AP dimension x 1.4
20  cm in transverse dimension. There was a 5-6 mm midline shift due to presence of
21  intracranial hemorrhage/pressure.

22
23

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 3
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. Box 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

1    12.    Jose Dutra was transferred to Mary Bridge Children's Hospital and Health
2  Center on May 10, 2002 at 1430 hours.

3    13.    On May 10, 2002, Daniel Nehls, M.D. performed an emergent craniotomy
4  for evacuation of extradural hematoma which comprised of approximately 30 cc of
5  blood/clot.

6    14.    Jose Dutra was hospitalized at Mary Bridge Hospital for the next six days
7  and discharged on May 16, 2002.

8    15.    Jose Dutra was discharged with follow up instructions to see pediatricians,
9  developmental clinics, neurology and neurosurgery.

10   16.    Susan Predmore, M.D. was deposed on July 15, 2004.  The following
11 questions and answers took place in her deposition at page 118 line 17 through 119 line
12 9:

> Q. Down at the -- oh, four? Thank you. Looking down at the -- this is a CT scan of the head without contrast done on May 10th, 2002. It shows a right parietal epidural hematoma with an associated skull fracture, with the fracture extended through the right frontal suture.
> A. Correct.
> Q. There's a five- to six-millimeter midline shift. Sitting here today, do you have an opinion as to what caused that fracture?
> A. I have to assume that it was from the forceps.
> Q. Do you know which forceps?
> A. I do not, but I would -- I would suppose that it might have been the Tucker-McLane , but I can't say. I do not know.
> Q. Why would you think it would be the Tucker-McLane's more than the Kielland's?
> A. Because they were on for longer.

   17.    Defendant United States of America, on behalf of Susan Predmore, M.D., admits that Susan Predmore violated the standard of care of a reasonably prudent

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 4
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

1  physician in her care and management of Misty Dutra on May 8, 2002. Based upon this
2  statement, Defendant United States of America has admitted a breach of the duty of
3  care on the part of Dr. Susan Predmore in the delivery of Jose Dutra.

4  18. The forceps utilized by Susan Predmore, M.D. caused the following
5  injuries:

6  A. Skull fracture

7  B. Skull fracture caused epidural hematoma by causing trauma to the
8  vessels of the dural and the bone causing bleeding into the dural
9  space. Epidural hematoma measured 5.7 cm in AP dimension x
10  1.4 cm in transverse dimension. Epidural hematoma measured 30
11  cc of blood and clot when evacuated.

12  C. Trauma caused significant bruising, hematoma and edema on the
13  outside of the skull.

14  D. Forceps trauma caused facial palsy by injury of the facial palsy,
15  mouth droop and right facial weakness by injury to the seventh
16  cranial nerve.

17  19. If Dr. Predmore had met the standard of care, the above admitted injuries
18  (see paragraph 18) would not have occurred.

19  20. Jose Dutra has limited vocabulary (10-20 single words) cannot put words
20  together to form a sentence and is not potty trained.

21  21. On May 8, 2002 Misty Dutra was 16 years of age. She had no significant
22  family support prior and subsequent to Jose Dutra's delivery.

23

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 5
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

22. Jose Dutra's future development would be enhanced by providing parenting classes, special training and educational support to Misty Dutra to assist her in caring for Jose Dutra.

23. Jose Dutra currently has symptoms and signs of diffuse static encephalopathy with global neurologic impact. These include exceedingly high level of activity, inattention, distractibility and impulsivity with more difficulty in state and behavioral regulation. He meets the criteria for attention deficit disorder with hyperactivity. He shows large repertoire of behavioral dialects with difficulty transitioning from one activity to another, is inadaptable to change, is resistive in oppositional in behavior as well as being manipulative and provocative. He shows signs of aggressive behavior. In addition, Jose Dutra shows severe communication difficulties affecting speech, language and receptive abilities. He shows deficits in all motor control and speech affecting sound production and modulation. He has only a vocabulary of only 10-15 words and cannot speak two word combinations. Jose Dutra demonstrates areas of motor deficiency, instability, imbalance, frequent falling, he cannot dress himself, uses a spoon not a fork to feed himself and is not toilet trained. Socially he exhibits high degrees of activity and impulsivity as aggressive acts without thinking and places himself in positions of risk. He does not get along with others as well and at times fights with biting, hitting and general contentiousness.

24. Neuropsychological testing scores and evaluation indicate an abnormally low score. At 25 months of age, communication, daily living skills, socialization, motor skills, and adaptive behavior composite scored between 9-10 months of adaptive levels.

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 6
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

Jose Dutra demonstrates significant developmental disabilities secondary to birth injury, including right frontal skull fracture and right frontal epidural hematoma. Jose has neurocognitive and neurobehavioral and emotional disorders as well as sensorimotor disorders. He has craniofacial asymmetry, plagiocephaly with right facial palsy and a large surgical scar on the right parietal region.

25. Jose demonstrates abnormality in tone, poorly coordinated and graded movements and extreme hypersensitivity to sensory information. He is hyperarousal, hypersensitive and demonstrates impaired sensorimotor function. These area were not simply developmentally immature, but were "aberrant". Jose Dutra demonstrates a very short attention span and is extremely distractible which will interfere with ability to learn and benefit from the environment. Jose Dutra demonstrates profound delays in language comprehension, expressive language was disrupted by impaired comprehension as well as speech dyspraxia. Social interaction was disordered by a combination of executive disorders, language disorders and personality. Subsequent testing at three years and 2 months demonstrates significant delays in communication, daily living skills, socialization, motor skills and adaptive behavior composite ranging from 15-29 months. Jose was 38 months of age at this testing.

26. Jose Dutra demonstrates mixed developmental delays. These developmental delays demonstrate themselves in two primary areas. The first area of mixed developmental delays is cognitive/motor. With cognitive/motor, Jose presents with severe limitations in language and receptive skills. His vocabulary is at a maximum 20 words. His receptive skills are significantly delayed. He has a milder form of motor

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 7
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. Box 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

developmental delay and demonstrates "mark in time" in climbing stairs. The second area of mixed developmental delays is behavioral. Jose Dutra demonstrates high activity, short attention span, poor impulsive control and aggressiveness.

27. The above mixed developmental delays are classic signs of traumatic injury to the brain. Numerous text, treatasis and articles support the probability that Jose Dutra's mixed developmental delays are a result of traumatic brain injuries suffered at birth.

28. Jose Dutra demonstrates delays in visual-motor skills and locomotive gross motor skills as measured by the Peabody Developmental Motor Scales-2. Underlying these delays are deficits in sensory processing and modulation, contributing to a high activity level and disorganized interaction in his physical world. These sensory motor delays will impair continuing growth and development of motor coordination, play, self-care, social skills and learning. In sensory processing, Jose demonstrates differences in auditory, visual and tactile processing. His sensory profile is consistent with low sensory threshold.

29. Jose Dutra will need significant care, therapy, case management and residential assistance throughout his lifetime. These care needs have been developed into a care plan and are based upon physicians who have evaluated Jose over a three-year period of time. Because of Jose's injuries, he will not be gainfully employed, will not be able to operate an automobile safely and will not be able to live independently.

30. The care plan developed by Anthony Choppa, MEd, CRC, CCM, Stephen Glass, M.D., and Wendy Marlowe, Ph.D. should be fully funded.

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 8
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

31. Economic losses including wage loss and special needs have been incurred and will be incurred in the future.

32. Jose Dutra would not have graduated from high school (if uninjured).

33. Jose Dutra will, based upon his injuries, only work 25% of the time in the future.

34. Plaintiff Misty Dutra, Jose's mother and custodial parent, has suffered damages for medical, hospital, medication expenses, and loss of services and support, and for the loss of love and companionship of Jose and for injury to her relationship with Jose.

From the foregoing Findings of Fact, the Court now makes the following:

### CONCLUSIONS OF LAW

1. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for. . . punitive damages". 28 U.S.C. § 2674. As the incident which is the basis of this action occurred in Washington, the law to be applied in this case is the substantive law of Washington.

2. Rev. C. Wash § 7.70.040 establishes the necessary elements of proof that the injury resulted from the failure of the health care provider to follow the accepted standard of care: Rev. C. Wash § 7.70.040 establishes the elements of proof in a medical malpractice action:

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 9
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

> (1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances;
>
> (2) Such failure was a proximate cause of the injury complained of.

3. Under RCW 4.24.010, "the mother or father, or both, who has regularly contributed to the support of his or her minor child, . . . may maintain or join as a party an action as plaintiff for the injury or death of the child." This statute also sets forth the damages that are recoverable for this action:

> In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just.

4. Defendant United States of America, on behalf of Susan Predmore, M.D., admits that Susan Predmore violated the standard of care of a reasonably prudent physician in her care and management of Misty Dutra on May 8, 2002.

5. Dr. Predmore's negligence caused Jose Dutra to suffer a skull fracture and epidural hematoma and in addition, caused Jose to suffer the damages and injuries described in the Court's Findings of Fact Nos. 18 through 33.

6. Dr. Predmore's negligence cause Misty Dutra to suffer the damages and injuries described in the Court's Finding of Fact No. 34.

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 10
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

7.  The Defendant United States of America has requested that portions of funds awarded to Jose Dutra be placed in a reversionary trust. This request is denied

8.  For Jose Dutra's past and future economic damages suffered as a result of Dr. Predmore's negligence, the award of following sums is fair and reasonable:

1.  <u>Pre-Injury Earning Capacity based on Average Earnings of Males with a 9th to 12th grade Education</u>:
    Earnings              $ 577,159
    Fringe Benefits         101,580
    Federal Income Tax      (50,304)
    **Total**             **$ 628,435**

2.  <u>Residual Earning Capacity based on 25% of Full-time Employment (Age 25 to Work Life Expectancy)</u>:
    Earnings              $ 85,193

3.  <u>Life Care Plan Costs</u>:
    Medical, Professional Services   $ 3,655,161
    Commodities, Supplies                26,605
    **Total**                         **$ 3,681,766**

4.  <u>Tax on Interest</u>:
    Tax on Interest       $ 203,581

5.  **ECONOMIC LOSS:**
    **1 minus 2 plus 3 plus 4**   **$ 4,428,589**

6. Past medicals
   Jose Dutra    $ 3,716.47
   Misty Dutra   $ 446.68

7. Cost Bill          $ 1,081.25

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 11
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924

1  9.  For Jose Dutra's past and future non-economic damages, including pain and suffering, and disability, the sum of $1,000,000.00 is fair and reasonable compensation.

10.  For Misty Dutra's past and future non-economic damages, including her loss of the love and companionship of Jose and for injury to or destruction of her relationship with Jose, the sum of $200,000.00 is fair and reasonable compensation.

DATED this 6th day of October, 2005.

*(signature)*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

*(signature)*
JAMES L. HOLMAN, WSBA# 06799
Attorney for Plaintiff Commencement Bay Guardianship Services on Behalf of Jose Dutra

*(signature)*
JOHN O. GALBRAITH, WSBA# 11307
Attorney for Plaintiff Misty Dutra

PLAINTIFFS' JOINT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW - 12
CASE NO. C04-5025 RBL

LAW OFFICE
JAMES L. HOLMAN
2107 N. 30TH STREET
P.O. BOX 1338
TACOMA, WASHINGTON 98401-1338
(253) 627-1866 FAX (253) 627-1924