HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE DUTRA, a minor, by and through his Guardian, COMMENCEMENT BAY GUARDIANSHIP SERVICES; and MISTY M. DUTRA, individually and as natural mother of JOSE DUTRA, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNKNOWN JOHN DOES; and UNKNOWN JOHN DOE CLINICS,<br><br>Defendants. | Case No. C04-5025 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion Re: Post-Judgment Interest and Additional Relief. (Dkt. #108). The Court has considered the motion, declaration, response, and reply, and the entirety of the records and files in this case. For the reasons set forth below, the Court denies the motion.

This is a tragic case made all the more tragic by its drawn out post trial history. Plaintiff Jose Dutra was severely and permanently injured during childbirth due to the negligence of Susan Predmore, M.D. (Findings of Fact and Conclusions of Law ("FOF/COL") (Dkt. #76). Dr. Predmore was employed by Community Health Care of Tacoma (FOF ¶2), a federally funded clinic providing health care to an at risk population. Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. §233(a), employees of federally funded medical clinics are deemed to be federal employees for purposes of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b).

Jose Dutra, by his Guardian, Commencement Bay Guardianship Services, and Jose's mother, Misty Dutra, commenced suit in this Court against the United States.  The United States admitted liability.  (FOF ¶17).  After a bench trial in September, 2007, on October 7, 2005 the Court entered Judgment in favor of the plaintiffs for $5,629,670.25 in general and special damages plus post-judgment interest of 3.4 percent. (Dkt. #77).  The Court rejected the government's request that the Judgment provide that the award for Jose's future medical expenses be subject to a reversionary trust.

On December 1, 2005, the United States appealed the Court's Judgment. (Dkt. #79).  In an ill-advised argument, appellate counsel for the United States convinced the Ninth Circuit Court of Appeals that this Court failed to follow the dictates of Washington's periodic payment statute, RCW 4.56.260.  Appellate counsel advanced this argument despite the record before this Court which clearly established that the government's trial counsel never requested that the Court follow RCW 4.56.260.  Rather, RCW 4.56.260 was merely cited by trial counsel as a vehicle the Court may use to exercise its discretion in establishing a reversionary trust.  Nevertheless, in a time-wasting exercise and to the detriment of an already severely developmentally disabled child, this Court was forced to hold a hearing on October 4, 2006 and request periodic payment proposals from the parties pursuant to RCW 4.56.260.  On October 23, 2006 the Court issued yet another decision rejecting the United States' request for a reversionary trust.  (See Order, Dkt. #95).

For reasons unknown to the Court, on December 28, 2006 the Department of Justice callously filed yet another appeal of this Court's decision to reject a reversionary trust. (Dkt. #99).  Over four months later, the United States moved to dismiss this second appeal and on June 1, 2007 the Ninth Circuit Court of Appeals issued their Mandate dismissing the appeal.  Also on June 1, 2007 the United States deposited $5,629,670.25 into a trust account set up for plaintiffs.  The amount deposited did not include post-judgment interest.  On June 12, 2007 this Court entered an Order that allowed the funds to be disbursed to plaintiffs while preserving plaintiffs' right to file the instant motion.

Plaintiffs' motion seeks post-judgment interest on the original damage award and additional monetary relief due to the delays caused by the government's post-trial litigation strategy.

The United States has waived its sovereign immunity from suit under both the FTCA and FSHCAA.  However, "[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw*,

478 U.S. 310, 314 (1986).  "Interest is only recoverable against the United States when specifically provided for by statute."  *DeLucca v. United States*, 670 F.2d 843, 846 (9th Cir. 1982).  Waivers of immunity to allow the award of interest must be express, and are construed strictly in favor of the United States.  *Shaw*, 478 U.S., at 318; *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 659 (1947).

Plaintiffs now concede that the Automatic Payment of Judgments Act, 31 U.S.C. §1304(a), which provides an express waiver of immunity for post-judgment interest, is not the authorizing legislation for payment of this Judgment.  Plaintiffs now agree that the FSCHAA establishes a dedicated fund for payment of judgments awarded due to the negligence of health care providers insured by the United States under the Act.  (Plaintiffs' Reply, pp. 3-4, Dkt. #110).  Plaintiffs disagree with the government, however, that the FSHCAA does not allow for the payment of interest.  They argue that the language in 42 U.S.C. §233(k)(1)(A) and (3) - - "together with related fees and expenses of witnesses" - - provides a waiver of immunity from an award of interest.

The Court disagrees.  When Congress waives immunity from interest it does so explicitly.  For example, in part in response to the Supreme Court's decision in *Library of Congress v. Shaw, supra*, Congress enacted the Civil Rights Act of 1991 which amended Title VII to provide that "the same interest to compensate for delay in payment shall be available [to federal employees] as in cases involving nonpublic parties."  42 U.S.C. §2000e-16; *Reynolds v. Martin*, 985 F.2d 470, 472 (9th Cir. 1993).  In *Reynolds*, the Court held that §2000e-16 "provides an express congressional waiver of the government's ordinary sovereign immunity from interest on judgments entered against it."  *Id*.  This Court must construe waivers of immunity strictly.  *Shaw*, 478 U.S., at 318.  The language in the FSHCAA, 42 U.S.C. §233(k)(1)(A) and (3), "together with related fees and expenses of witnesses" simply is not an explicit congressional waiver of immunity from interest.

Unfortunately, the denial of interest on this Judgment may be unfair or inequitable; however, "[h]ad Congress desired to permit the recovery of interest where the [court] felt it just or equitable, it could have so provided.  The absence of such a provision is conclusive evidence that the court lacks any power of that nature."  *N.Y. Rayon*, 329 U.S., at 660.

Plaintiffs also seek an award of interest because the government did not appeal this Court's original Judgment which included post-judgment interest thereby waiving the argument that post-judgment interest is not allowed.  Plaintiffs further proffer as a basis for an award of interest that the government should be

1    sanctioned for the delay caused by the government's post-trial litigation strategy under Fed. R. Civ. P. 11,[1]

2    Fed. R. App. P. 37,[2] 38,[3] and 39,[4] and under 28 U.S.C. §1912.[5]  However, the actions of attorneys for the

3    Department of Justice which undoubtedly "unreasonably delayed" Jose getting treatment does not allow this

4    Court to award interest because "[i]t has long been settled that officers of the United States possess no power

5    through their actions [or inactions] to waive an immunity of the United States . . . in the absence of some

6    express provision by Congress."  *N.Y. Rayon*, 329 U.S., at 660.

7         The government's post-trial litigation strategy in this case was unconscionable.  By focusing on

8    acquiring a reversionary medical trust, the government's attorneys lost sight of their overarching role as

9    seekers of the truth and justice.  They misrepresented the record of the trial to the appellate court.  They filed

10   a second appeal after it was clear that the Ninth Circuit had not ordered this Court to impose a reversionary

11   trust.  It was also clear to all involved (as this Court had stated on multiple occasions), that the Court had no

12   intention of ordering the damage award for future medical expenses placed into a reversionary trust.  However,

13   the law does not provide for post-judgment interest and this Court has no power to award it.  Therefore,

14   Plaintiffs' Motion Re: Post Judgment Interest and Additional Relief (Dkt. #108) is **DENIED.**

15        **IT IS SO ORDERED.**

16        The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing

17   pro se.

18        Dated this 26th day of July, 2007.

19

20

21   RONALD B. LEIGHTON
     UNITED STATES DISTRICT JUDGE

22

23

24        [1]Fed. R. Civ. P. 11 provides that attorneys who sign pleadings face sanctions if those pleadings "cause unnecessary delay"
     in the proceedings.

25        [2]Fed. R. App. P. 37 provides that interest may be awarded on judgments if "allowed by law."

26        [3]Fed. R. App. P. 38 provides that a court of appeals may "award just damages and single or double costs to the appellee"
     if an appeal is frivolous.

27        [4]Fed. R. App. P. 39(b) provides that costs may be assessed against the United States "only if authorized by law."

28        [5]28 U.S.C. §1812 provides for 'just damages . . . and single or double costs" if a decision is affirmed on appeal.